107 F.3d 21
 97 CJ C.A.R. 282
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Allen Ray LIVINGSTON, Petitioner-Appellant,
v.
Dan REYNOLDS, Respondent-Appellee.
 No. 96-5047.
 United States Court of Appeals, Tenth Circuit.
 Feb. 18, 1997.
 
 Before ANDERSON, KELLY, and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT*
 LUCERO, Circuit Judge.
 
 
 1
 Petitioner Allen Ray Livingston appeals the district court's dismissal of his pro se habeas corpus petition under 28 U.S.C. § 2254.[1] The district court denied petitioner's request to proceed in the district court in forma pauperis and his motion for a certificate of probable cause. Petitioner now seeks a certificate of probable cause to appeal and permission to proceed in forma pauperis from this court. For the following reasons, we deny both requests.
 
 
 2
 Section 102 of the Antiterrorism and Effective Death Penalty Act of 1996 (the Act) requires state petitioners to obtain certificates of appealability prior to seeking appellate review of final orders in habeas corpus proceedings. Pub.L. 104-132, 110 Stat. 1214 (codified at 28 U.S.C. § 2253). We have held that the Act's certificate of appealability requirement applies retroactively in § 2254 proceedings. Lennox v. Evans, 87 F.3d 431, 434 (10th Cir.1996), cert. denied, 117 S.Ct. 746 (1997). Accordingly, we address whether petitioner is entitled to a certificate of appealability.
 
 
 3
 In 1972, petitioner was convicted by a jury of armed robbery and sentenced to twenty to one-hundred years' imprisonment. In 1979, petitioner was granted an appeal out of time, and his conviction was affirmed. In his first application for post-conviction relief, petitioner claimed that his sentence was excessive. This application was denied by the state appellate court, and petitioner did not appeal.
 
 
 4
 In 1993, petitioner filed a second state application for post-conviction relief, alleging ineffective assistance of trial counsel, ineffective assistance of appellate counsel, prosecutorial misconduct, and excessive punishment. This application also was denied, and affirmed on appeal. Petitioner then filed his petition for writ of habeas corpus in federal court asserting (1) prejudice from appellate delay, (2) prejudicial admonition to the jury, (3) prejudicial admission of a confession, (4) prejudicial admission of evidence and statements of other crimes, (5) improper questioning of petitioner regarding prior convictions, (6) prejudicial communication with the jury by the bailiff, and (7) ineffective assistance of counsel.
 
 
 5
 The district court thoroughly addressed petitioner's claims and denied his petition. On appeal, petitioner did not submit an opening brief challenging the district court's order, but only restated his habeas corpus claims and referred this court to his brief in support of his petition in the district court.
 
 
 6
 A habeas corpus petitioner is entitled to a certificate of appealability only if he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c). Construing petitioner's pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), we have reviewed the district court's order, petitioner's brief, and the appellate record, and conclude that, for the reasons stated in the district court's January 24, 1996 Order, petitioner has failed to make the requisite showing of the denial of a constitutional right. We DENY petitioner's request for a certificate of appealability and DISMISS his appeal. For this reason, and because petitioner has failed to present a rational argument on the law and facts in support of his claims on appeal, we DENY his motion for permission to proceed in forma pauperis. 28 U.S.C. § 1915(d).
 
 
 7
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument